PAR2.11.25
KD: USAO# 2024R00427



USDC - BALTIMORE
'25 MAR 5 PM 3:41

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

**JORGE ECHEVERRI,**
  a/k/a "Pedro Torres Rivera",
  a/k/a "Jorge Echeverri Gonzalez",

**Defendant.**

CRIMINAL NO. _JRR 25cr 47_

**(Theft of Government Property, 18 U.S.C. § 641; False Statements, 18 U.S.C. § 1001 (a)(1)(2)(3); Passport Fraud, 18 U.S.C. § 1542; Social Security Number Misuse, 42 U.S.C. § 408(a)(7)(B); 18 U.S.C. § 911, False Statement of Citizenship; Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6) and (b)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))**

## INDICTMENT

### COUNT ONE
(Theft of Government Property)

The Grand Jury for the District of Maryland charges that:

At times relevant to this Indictment:

### Background

1.     The Social Security Administration ("SSA") was an agency of the United States government that administered programs under the Social Security Act. Title II of the Social Security Act provided for payment of Retirement Insurance Benefits (RIB) to adults who were at least 62 years of age, or older, and who were "insured" under the Social Security Act by virtue of their contributions to the Social Security trust fund through the Social Security tax on their earnings.

2.     For SSA RIB eligibility, the SSA required proof of United States citizenship or lawful alien status if an applicant, or the applicant's spouse or child, was not born in the United States.

3.     SSA headquarters was in Woodlawn, Maryland, in Baltimore County, Maryland.

4.      Defendant, **JORGE ECHEVERRI**, was a Colombian national who entered the United States on or about December 17, 1972, in New York, New York, by unlawfully using the passport of another person.

5.      Defendant, **JORGE ECHEVERRI,** was arrested by law enforcement officers from the Port Authority of New York and New Jersey on or about December 20, 1972, for several criminal offenses including possession of a forged instrument and impersonation.

6.      On or about February 12, 1973, Defendant, **JORGE ECHEVERRI,** was deported from the United States.

7.      In or about January 1975, Defendant, **JORGE ECHEVERRI**, re-entered the United States without permission or inspection, in or around Tucson, Arizona.

8.      In or about May 1975, Defendant, **JORGE ECHEVERRI**, applied for a Social Security card under the names Jorge Echeverri and Jorge Echeverri Gonzalez.

9.      On or about July 15, 1975, a United States Immigration Judge ordered removal of Defendant, **JORGE ECHEVERRI,** to his home country, Colombia.

10.     On or about June 20, 1976, Defendant, **JORGE ECHEVERRI**, re-entered the United States for the third time, in or around Nogales, Arizona, without permission or inspection.

11.     In or about August 1983, Defendant, **JORGE ECHEVERRI**, applied for a social security card using the alias of Pedro Torres Rivera.

12.     In said application, Defendant, **JORGE ECHEVERRI**, falsely claimed to be a United States citizen, born in Puerto Rico.

13.     On or about December 10, 1985, Defendant**, JORGE ECHEVERRI**, was deported back to his home country, Colombia, from the port of John F. Kennedy Airport, in Queens, New York.

2

14.     Thereafter, on a date unknown to the Grand Jury, Defendant, **JORGE ECHEVERRI**, re-entered the United States for the fourth time, without permission or inspection, and continued living as a United States citizen, using the aliases of "Pedro Torres Rivera" and "Jorge Echeverri Gonzalez."

15.     On or about September 30, 1987, Defendant, **JORGE ECHEVERRI,** applied for and received a United States Passport, under the alias of Pedro Torres Rivera, falsely claiming he was born in Puerto Rico and, in connection with the application, presented a fabricated and false purported Puerto Rico birth certificate in the name Pedro Torres Rivera.

16.     In or around February 2010, Defendant, **JORGE ECHEVERRI**, submitted an application for SSA RIB using the social security number issued to his alias identity Pedro Torres Rivera.

## THE CHARGE

17.     Beginning in or about May 2010 and continuing until in or about January 2025, in the District of Maryland, the Defendant,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, money of the United States, with a value exceeding $1,000, namely, Retirement Income Benefits, from the Social Security Administration, to which he was not entitled.

18 U.S.C. § 641

3

## COUNTS TWO AND THREE
(False Statements)

The Grand Jury for the District of Maryland further charges that:

1.       The allegations of Paragraphs 1 through 16 are incorporated here.

2.       On or about the dates set forth below, in the District of Maryland,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

the Defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive branch of the Government of the United States, which **ECHEVERRI** then and there knew to be false, as set forth below:

| COUNT | DATE | DESCRIPTION OF FALSE STATEMENT |
|-------|------|--------------------------------|
| 2 | November 3, 2020 | Falsely representing that **ECHEVERRI** was Pedro Torres Rivera to vote in the 2020 U.S. Presidential Election |
| 3 | November 5, 2024 | Falsely representing that **ECHEVERRI** was Pedro Torres Rivera to vote in the 2024 U.S. Presidential Election |

18 U.S.C. § 1001(a)(2)

## COUNT FOUR
(Passport Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     On or about October 17, 2022, in the District of Maryland,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

the Defendant herein, did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for **ECHEVERRI**'s own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application, **ECHEVERRI** stated he was born in Puerto Rico, which statement **ECHEVERRI** then and there knew to be false.

18 U.S.C. § 1542

5

## COUNT FIVE
(Social Security Number Misuse)

The Grand Jury for the District of Maryland further charges that:

On or about October 17, 2022, in the District of Maryland,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

the Defendant herein, for the purpose of obtaining anything of value from any person, and for any other purpose, did, with intent to deceive, falsely represent a number to be the social security account number assigned by the Commissioner of Social Security to **ECHEVERRI** when he submitted an application for a United States Passport, under the alias of Pedro Torres Rivera, when in fact, such number was not the social security account number assigned by the Commissioner of Social Security to **ECHEVERRI**.

42 U.S.C. § 408(a)(7)(B)

6

## COUNT SIX
(False Statement of Citizenship)

The Grand Jury for the District of Maryland further charges that:

On or about October 17, 2022, in the District of Maryland,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

the Defendant herein, a citizen of Colombia and therefore an alien in the United States, falsely

and willfully represented himself to be a citizen of the United States.

18 U.S.C. § 911

7

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6) and (b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One or Five of this Indictment.

### **Theft of Government Property Forfeiture**

2.      Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### **Passport Fraud Forfeiture**

3.      Upon conviction of the offense alleged in Count Five of this Indictment, the Defendant,

**JORGE ECHEVERRI,**
**a/k/a "Pedro Torres Rivera",**
**a/k/a "Jorge Echeverri Gonzalez",**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and (ii) any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or

indirectly from the commission of the offense, or that was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

## Property Subject to Forfeiture

4.      The property to be forfeited includes, but is not limited to: a forfeiture money judgment in the amount the Defendant earned as a result of Count One or Count Five of this Indictment.

## Substitute Assets

5.      If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(6)
18 U.S.C. § 982(b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
FOREPERSON

3/5/25
Date